**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CENTREVILLE CITIZENS FOR CHANGE, WALTER BYRD, LESTER GOREE, WILLIAM MCNEAL, DELORES SAFFOLD-CRIGLER, BARBARA EILAND, SHARON and BOBBY SMITH, YVETTE LYLES, PATRICIA GREENWOOD, LEON SPRUELL, MARIO and TAMARA GLADNEY, HATTIE IVY, SHEILA GLADNEY, JOAN DANCY, MICHAEL and PATRICIA JOHNSON, VANESSA MARION, CAROLYN and MAURICE TAGGART, LEICHUE HYCH and LAKESHA WARE, MARY ANTHONY, LEOLA GREEN, JEANETTE GREEN, VITTORIO BLAYLOCK, ALLENE HOPKINS, JAMES and REUBEN ANN COX, and ONNIE RANDOLPH, **Plaintiff(s),** <br><br> vs. <br><br> COMMONFIELDS OF CAHOKIA PUBLIC WATER DISTRICT, and the CITY OF CAHOKIA HEIGHTS, **Defendant(s).** | **CIVIL NO.** :21-cv-00842-DWD <br><br> **CJRA TRACK:** C <br><br> **TRIAL DATE:** April 24, 2023 <br><br> **JUDGE:** David W. Dugan <br><br> **MANDATORY MEDIATION:** No |

**JOINT REPORT OF PARTIES AND
PROPOSED SCHEDULING AND DISCOVERY ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and SDIL-LR 16.2(a), an initial

*Rev 11/20*

conference of the parties was held on <u>November 11, 2021</u> with attorneys for Plaintiffs Centreville Citizens for Change, Debbie Chizewer, Anna Sewell, and Mary Rock of Earthjustice, and the attorneys for the Individual Plaintiffs, Nicole Nelson, Equity Legal Services, and Kalila Jackson, Metropolitan St. Louis Equal Housing and Opportunity Council, and attorneys for Defendant Cahokia Heights, Ann C. Barron, Heyl Royster, participating.

<u>Defendant City of Cahokia Heights' preliminary statement:</u>

The following matters have been discussed between counsel for the parties. The City of Cahokia Heights believes that a trial date of April 2023 may not be realistic given the number of Plaintiffs – thirty – and the amount of discovery to be undertaken regarding the claims of each individual plaintiff given the allegations in the complaint asserting flooding events occurring two decades or more ago. That being said, the City of Cahokia Heights has agreed to the following dates based on the trial date of April 24, 2023 with the exception of the date for filing third party claims. The City of Cahokia Heights maintains that a scheduling order which requires it to file any third party actions by February 21, 2022 is premature given that Plaintiffs' depositions are not contemplated for completion until August 5, 2022 and the statute of limitations for third party actions on the Illinois law claims is two years after the date of service.

<u>Plaintiffs' preliminary statement:</u>

Plaintiffs do not think it is appropriate to move back the trial date of April 24, 2023. The Plaintiffs need urgent relief for the ongoing harm, including sewage back-ups and flooding, resulting from Defendant's sanitary sewage overflows and failure to create and maintain the stormwater systems that safely convey stormwater away from residential properties. The April 2023 date provides sufficient time for the required discovery. Moreover, while Defendants can depose all 30 Plaintiffs, many of the Plaintiffs live together and share the same experience. Defendant's suggestion that the trial date be moved is premature.

The February 21, 2022 date for amending pleadings, including commencement of a third party action, is the date noted in the Scheduling and Discovery Order template.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1.    Initial Rule 26(a) disclosures and interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by    <u>December 10, 2021</u>.

2.    Plaintiffs' depositions shall be taken by <u>August 5, 2022</u>.

*Rev 11/20*

3.    Defendant's deposition shall be taken by <u>August 5, 2022</u>.

4.    Motions to amend the pleadings, including the commencement of a third party action, shall be filed by <u>February 21, 2022</u> (which date shall be no later than **90 days** following the Scheduling and Discovery conference).

5.    Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
Plaintiffs' expert(s): <u>August 26, 2022</u>.
Defendants' expert(s): <u>October 14, 2022</u>.
Rebuttal expert(s): <u>November 18, 2022</u>

6.    Depositions of expert witnesses must be taken by:
Plaintiffs' expert(s): <u>September 23, 2022</u>.
Defendant's expert(s): <u>November 4, 2022</u>.
Rebuttal expert(s): <u>December 2, 2022</u>.

7.    The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). Plaintiffs ☒ do ☐ do not anticipate a need for an ESI protocol. The City of Cahokia Heights does not believe that an ESI protocol is necessary. The parties shall continue to meet and confer regarding an ESI protocol. The parties shall submit an update to the Court regarding the status of their discussions, including a joint proposed ESI protocol, if any, by <u>December 17, 2021</u>. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

8.    **Discovery** shall be completed by <u>November 21, 2022</u> (which date shall be no later than **130 days** before the first day of the month of the trial month or the first day of the month of the trial setting). Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

9.    All **dispositive motions** shall be filed by <u>December 22, 2022</u> (which date shall be no later than **100 days** before the first day of the month of the trial month or the first day of the month of the trial setting). Dispositive

*Rev 11/20*

motions filed after this date will not be considered by the Court.

10.    The parties are reminded that, prior to filing any motions concerning discovery, they must first meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference if they are unable to resolve their dispute.  If the dispute cannot then be resolved in the first telephonic conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED:  November 16, 2021

On behalf of Centreville Citizens for Change
Deborah Musiker, aka Debbie Chizewer
Anna M. Sewell
Mary K. Rock

On behalf of Individual Plaintiffs
Kalila Jelani Jackson
Nicole Denise Nelson

Attorneys for Plaintiffs

Ann C. Barron
Heyl Royster

Brian Funk
O'Halloran Kosoff Geitner & Cook, LLC

Attorneys for Defendants

*s/ David W. Dugan*
DAVID W. DUGAN
U.S. District Judge
DATED: November 17, 2021

*Rev 11/20*