**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CENTREVILLE CITIZENS FOR CHANGE, WALTER BYRD, LESTER GOREE, WILLIAM MCNEAL, DELORES SAFFOLD-CRIGLER, ET AL. | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 3:21-cv-00842-DWD ) |
| CITY OF CAHOKIA HEIGHTS AND COMMONFIELDS OF CAHOKIA PUBLIC WATER DISTRICT | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT COMMONFIELDS OF CAHOKIA PUBLIC WATER DISTRICT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COMMONFIELDS OF CAHOKIA PUBLIC WATER DISTRICT'S SUPPLEMENTAL MOTION TO DISMISS**

Defendant Commonfields of Cahokia Public Water District ("Commonfields") submits this Reply to Plaintiffs' Opposition to Defendant Commonfields' Motion to Dismiss. *See* **Doc. 87**. Commonfields believes that this Reply is necessary to address Plaintiffs' arguments, especially concerning jurisdiction that are taken out of context and to address them with applicable authorities. Defendant Commonfields requests that the court allow the submission of this Reply.

I.   **Plaintiffs Arguments are Myopic in Their Understanding of Jurisdiction and Fail to Address the Requirement that "An action must be prosecuted in the name of the real party in interest" per Rule 17.**

Plaintiffs' Opposition seems to have a myopic understanding of subject-matter jurisdiction. They essentially assert, without citation, that simply because the claims alleged in Plaintiffs' Third Amended Complaint concern federal causes of action, this somehow automatically bestows federal subject-matter jurisdiction. Subject-matter jurisdiction is broader than this and "'imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional

authority.'" *Ctr. for Democracy & Tech. v. Trump*, 507 F. Supp. 3d 213, 218 (D.D.C. 2020) (quoting *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)). Commonfields' contention in its motion to dismiss questions the power and authority of court to adjudicate against Commonfields when it is no longer a legal entity, not merely whether the claims against it concern federal causes of action.

> **A. Rule 17 Requires that "An action must be prosecuted in the name of the real party in interest," Which is no Longer Commonfields Under Illinois Law, but is now its Successor-in-Interest, Codefendant the City of Cahokia Heights**

Even if Commonfields' Motion to Dismiss is not proper under **Rule 12(b)(1)**, the court still lacks the capacity to sue or be sued by this court and should still be dismissed per **Rule 17**. As discussed in Commonfields' Motion to Dismiss, **Rule 17(b)** prescribes that the capacity of a party to sue or be sued for an entity such as Commonfields is determined "by the law under which it was organized." *See* **Doc. 83**, at **Pg. 3**. As prescribed by the Illinois Legislature in the Public Water District Act, the St. Clair County District Court has formally dissolved Commonfields on December 1, 2021, and ended all its power and authority of its trustees and officers to conduct any business on behalf of Commonfields and all its assets and liabilities were transferred to the City of Cahokia Heights, a Codefendant already in this case. *See id*, at **Pg. 3-6** (including **Exhibit A** and **Exhibit B**). It is this counsels' understanding that Cahokia Heights now possesses all property, systems, and documents of Commonfields and that most, if not all former officers of Commonfields are now employed by Codefendant Cahokia Heights' Water & Sewer Department. *See* **Doc. 59**, at **¶ 21** (assertions by Plaintiffs in their Third Amended Complaint: "Dennis Traiteur, the past manager of Commonfields, has continued to be involved in the management of the Commonfields sewage system after ownership and operations were transferred to Cahokia Heights

(see Exhibit 4), and on information and belief Lynn Branson-Matchingtouch is serving as the director of the Cahokia Heights Water and Sewage Department.").

Plaintiffs' attempt to claim in their Opposition that **65 ILCS 5/7-2-12** requires that Commonfields remain as a named party in this case does not follow the statute as a whole. **65 ILCS 5/7-2-12** concerns the treatment of suits and judgments against cities that are united as a "borough" of a "united city." It does not concern a "sanitary district, or any other similar governmental district" as was Commonfields. **65 ILCS 5/1-1-2**.

### B. As Commonfields No Longer Exists, the Proper Remedy is Dismissal From this Case

As the City of Cahokia Heights is the true party of interest here and as successor-in-interest to Commonfields, Plaintiffs' insistence in trying to keep Commonfields as an individual and separate defendant in this case is erroneous. It has been public knowledge for some time that Commonfields was to be dissolved or was dissolved and that its assets and liabilities had been assumed by the City of Cahokia Heights. *See examples* **June 9, 2021 INTERGOVERNMENTAL AGREEMENT Between City of Cahokia Heights, Illinois and the Commonfields of Cahokia Public Water District** ("**Exhibit A**"); **December 1, 2021 Order of the St. Clair County, Illinois Circuit Court** ("**Exhibit B**"); **Doc. 59**, at **¶¶ 17**. Despite this, Plaintiffs have doggedly continued to erroneously include Commonfields as a separate party throughout the filing of all four of their complaints (*see* **Doc. 1**, **12**, **47**, and **59**) and despite continued motions to dismiss expressing the contrary (*see* **Doc. 37**, **50**, **60**, and **83**).

Substitution of the real party in interest is permissible under **Rule 17(a)** in instances of honest mistake by the identifying party. *See Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 434-38 (S.D. Ind. 2004) (discussing the real party in interest doctrine under Rule 17 and the law as to when substitution or dismissal of an erroneous party is appropriate).

However, because of Plaintiffs' stubborn refusal to recognize this in their pleadings, despite significant knowledge to the contrary, and because the real party in interest, the City of Cahokia Heights, is already a codefendant in this case, dismissal of Commonfields is the more appropriate remedy.

## II.     Plaintiffs' Further Arguments are Distractions and Without Merit

Plaintiffs attempts to muddy the waters in their Opposition by arguing that the December 1, 2021 dissolution order of Commonfields by the St. Clair County Circuit Court is somehow imperfect by claiming that there was no report filed with that court as mentioned in the Illinois Public Water District Act. Plaintiffs' arguments here have little, if any, relevance as this court has no authority to call into question the findings of the St. Clair County Circuit Court without violating the doctrine of collateral estoppel—a point Plaintiffs fail to address in their Opposition. If there is an issue with the St. Clair County Circuit Court Order, it should be taken up with that court. *See also Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (discussing instances when federal courts should abstain from litigating issues that are more appropriately litigated in state courts).

Plaintiffs also claim that because Commonfields may have insurance, that the insurers duty to defend Commonfields should keep it in the case. Plaintiffs make no claims relating to coverage in their Third Amended Complaint and Plaintiffs arguments here completely take an insurer's duties to its insureds out of context. Further, Plaintiffs fail to articulate how Commonfields' insurance coverage establishes jurisdiction, standing, or capacity in order to retain Commonfields in this case.

WHEREFORE, Commonfields of Cahokia Public Water District requests that this honorable court dismiss it from this case and for any other remedy this court deems just and proper.

Respectfully Submitted,

/s/  Colter Kennedy
James P. McCarthy
Eric B. Krauss
Colter Kennedy
GUNTY & MCCARTHY
201 Hillsboro Avenue, Suite 204
Edwardsville, IL 62025
Tel: 618-659-3690
Fax: 618-659-4630
Jmccarthy@guntymccarthy.com
Ekrauss@guntymccarthy.com
Ckennedy@guntymccarthy.com

*Attorneys for Defendant Commonfields of Cahokia Public Water District*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court and served via the Court's electronic filing system this 11th Day of November to all counsel of record.

Mary K. Rock
Anna M. Sewell
Susan Kraham,
Courtney A Bowie
EARTHJUSTICE

311 South Wacker Drive, Suite 1400
Chicago, IL 60606
Tel.: 312-800-8336
Fax: 312-667-8961

1001 G Street, NW
Suite 1000
Washington, DC 20001
Tel.: 202-797-5233
Fax: 202-667-2356

E-mail: asewell@earthjustice.org
E-mail: mrock@earthjustice.org
E-mail: skraham@earthjustice.org
E-mail: cbowie@earthjustice.org

*Attorneys for Plaintiff Centreville Citizens for Change*

Nicole D. Nelson
EQUITY LEGAL SERVICES, INC.
5720 North Belt West, Suite 20-267
Belleville, IL 62226
Tel.: 618-693-9800
Fax: 618-693-9800
E-mail: nnelson@equitylegalservices.org

Kalila J. Jackson
METROPOLITAN ST. LOUIS EQUAL
HOUSING & OPPORTUNITY COUNCIL
1027 South Vandeventer Avenue, 6th Floor
St. Louis, MO 63110
Tel: 314-534-5800 x 7007
E-mail: kjackson@ehoc-stl.org

*Attorneys for the Individually Named Plaintiffs*

Gregg A. Kinney
HEPLERBROOM LLC
P.O. Box 510
130 North Main Street
Edwardsville, IL 62025
Tel.: 618-656-0184
Fax: 618-656-1364
E-mail: gak@heplerbroom.com

Ann C. Barron
Maria E Mengarelli
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025-0467
Tel.: 618-656-4646
Fax: 309-420-0402
E-mail: abarron@heylroyster.com
E-mail: mmengarelli@heylroyster.com

*Attorneys for Defendant City of Cahokia Heights*

James E. Godfrey, Jr.
EVANS & DIXON, LLC
211 North Broadway, Suite 2500
St. Louis, MO 63102
Tel: 314-552-4001
Fax: 314-621-3136
Email: jgodfrey@evans-dixon.com

*Attorney for Defendant Metro East Sanitary District*

/s/ Colter Kennedy