**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CENTREVILLE CITIZENS FOR CHANGE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:21-cv-00842-DWD |
| v. | ) ) | Judge David W. Dugan |
| CITY OF CAHOKIA HEIGHTS, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' REQUEST FOR STATUS REPORT**
**PURSUANT TO MEMORANDUM AND ORDERS (DOC. 151, 165)**

Twenty-two months have passed since Defendant Cahokia Heights (the "City") sought a stay of this litigation because it was negotiating a consent decree with the United States Environmental Protection Agency and the Illinois Environmental Protection Agency (the "environmental Agencies" or "Agencies"). Doc. 124.[1] The Court stayed this case and referred certain issues to the Agencies. Doc. 151 at 14. At the same time, the Court ordered Defendants and the Agencies to file status reports in the public record no less frequently than every 90 days. Doc. 151 at 14. Over 200 days have passed since the last status report. In that time, sanitary sewer overflows have continued to plague Plaintiff Centreville Citizens for Change and the Individual Plaintiffs. Stormwater also has flooded the community. Plaintiffs request that Defendants and the Agencies come into compliance with the Court's order for regular status reports.

Regular status reports are required in this matter. On January 5, 2024, the Court stayed these proceedings for 90 days or until further order. Doc. 151 at 16. The Court also ordered

---

[1] Citations to docket entries refer to the docket in *Centreville Citizens for Change v. City of Cahokia Heights*, Case No. 3:21-cv-00842.

"regular status reports from Defendants and the environmental Agencies." *Id.* at 14. The Court

specified that "*status reports shall be filed no less frequently than every 90 days in the public

record* and be made available to Plaintiffs and their counsel." *Id*. (emphasis added).

The status reports must be detailed. Specifically, they "must be thorough and specific to,

and not mere summaries of, the work done, the progress made, the plans implemented, and

anticipated timelines for each step of progress forecasted." *Id*. And they must include a report on

the four issues that the Court referred to the Agencies. *Id*. at 14-15. Additionally, following

Defendants' February 1, 2024, status report, which the Court noted, "lacked sufficient

descriptions of [Defendants'] efforts," the Court ordered Defendants to provide more "detailed

descriptions of their progress" and specific information about funding to Plaintiffs and the Court,

including:

> records of their attempts to obtain funding related to addressing the issues that are
> the subject of the complaint, including any funds that have been allocated from state
> or federal sources, any applications submitted by Defendants to obtain such funds,
> the status of said applications, and any further steps Defendants are planning to take
> to obtain sufficient funding to address these issues.

Doc. 165. Accordingly, the status reports should include exhibits documenting progress, such as

deliverables required by the Agencies pursuant to the Administrative Order on Consent or any

other sewage- or flooding-related orders, agreements, grants, or obligations. *See* Doc. 151 at 15.

More than 90 days have passed since the last status report was filed in this proceeding.

Defendants filed their most recent status report on September 30, 2024. Doc. 174. They have

failed to file at least two required status reports since then, while sewage continues to flow.

That the Agencies initiated a new proceeding against the City and lodged a draft,

proposed consent decree in that matter does not reduce the importance of or need for status

reports in this proceeding. That draft consent decree has not been finalized, and it was not filed in

this proceeding. Moreover, it does not provide information about the "work done" or "progress

2

made" in resolving the very serious sewer and stormwater infrastructure issues in this case. The draft shows that the City has not secured or planned for all of the funds that will be necessary to complete the long-term solutions that it contemplates.

Centreville Citizens for Change and the Individual Plaintiffs respectfully request that the Court require Defendants and the Agencies to file in the public record of this proceeding within two weeks a detailed status report of their progress that addresses funding, *see* Docs. 151, 165, and to continue to file status reports at least every 90 days for as long as this proceeding remains stayed.

Dated: April 25, 2025                                  Respectfully submitted,

/s/ Mary K. Rock                                       /s/ Nicole D. Nelson *(with consent)*
Mary K. Rock (IL Bar No. 6332240)                      Nicole D. Nelson
EARTHJUSTICE                                           Kalila J. Jackson, *Pro Hac Vice*
311 South Wacker Drive, Suite 1400                     Kennedy Moehrs Gardner (IL Bar No.
Chicago, IL 60606                                        6344603)
(312) 800-8336                                         EQUITY LEGAL SERVICES, INC.
mrock@earthjustice.org                                 (618) 693-9800
                                                       nnelson@equitylegalservices.org
Susan J. Kraham (NY Bar No. 2558641),                  kjackson@ehoc-stl.org
  *Pro Hac Vice*                                       kmgardner@equitylegalservices.org
EARTHJUSTICE
48 Wall St., 15th Fl                                   *Counsel for Individual Plaintiffs*
New York, NY 10005
(212) 284-8038
skraham@earthjustice.org

*Counsel for Centreville Citizens for Change*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 25, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Mary K. Rock